DAUGHTREY, Circuit Judge.
 

 Myron Terlecky, bankruptcy trustee of Dublin Securities, Inc., Dublin Management, Inc., and Dublin Stock Transfer, Inc., appeals to this court, alleging that the district court erred in dismissing his lawsuits against two law firms and individual members of those firms for lack of standing and based upon the doctrine of
 
 in pari delicto.
 
 He also challenges the district court decision enjoining him from adding individual members of the defendant firms as named parties in a parallel state action. Because we agree with the district court’s ultimate conclusion that the trustee may not maintain this action, and because injunctive relief is necessary in this matter, we affirm.
 

 PROCEDURAL AND FACTUAL BACKGROUND
 

 From 1985 until 1992, Dublin Securities, Inc., Dublin Management, Inc., and Dublin Stock Transfer, Inc. (hereafter referred to collectively as “Dublin Securities”), devised and carried out fraudulent initial public stock offerings. During that time, Dublin Securities was represented by the defendant law firms of Emens, Kegler, Brown, Hill & Ritter and Carlile, Patchen & Murphy, as well as by the defendant lawyers, Dennis J. Concilia, Andrew J. Federico, Dwight Hurd, and John R. Thomas. According to the complaints that initiated the present actions, the defendants prepared all legal documents for the securities sales, provided day-to-day legal advice for Dublin Securities, and even served as special counsel for the securities issuers, restructuring those companies, reviewing their business transactions, filing forms, and arranging for the issuance of stock certificates and warrants certificates.
 

 By 1992, Dublin Securities had made approximately $60 million in fraudulent sales in Ohio. Late that year, however, authorities seized records of the companies and Dublin Securities was eventually forced to file for bankruptcy pursuant to the provisions of Chapter 7 of the Bankruptcy Code. All principals of Dublin Securities were also convicted on various state criminal charges as a result of their activities.
 

 Terlecky was appointed trustee in the Dublin Securities cases and eventually filed suit against the defendants, claiming that the firms and the individual lawyers knew or should have known of the illegal nature of the activities in which the companies engaged, but failed to apprise the businesses of those illegalities. The suits contained claims of negligence, breach of fiduciary duty, negligent misrepresentation, recklessness, common law fraud, and the right of contribution.
 

 The defendants moved to dismiss the claims against them pursuant to Fed.R.Civ.P. 12(b)(1) and 12(b)(6) on the grounds that the trustee lacked standing, that the debtors were admitted joint tortfeasors, that the claims were barred under the doctrine of
 
 in pari delicto,
 
 and that the claims were untimely. The district court agreed, in part, and dismissed the complaint on standing grounds and pursuant to the doctrine of
 
 in pari delicto.
 
 When the trustee then attempted to amend a “John Doe” state lawsuit based on the same causes of action to include as parties law firm members who had not been named individually in the federal action, the district court also issued a permanent injunction forbidding such substitution. From those decisions, Terlecky now appeals.
 

 DISCUSSION
 

 Although both the Supreme Court and this court ■ have specifically held that trustees in bankruptcy lack standing to pursue the claims of creditors against third par
 
 *380
 
 ties,
 
 Caplin v. Marine Midland Grace Trust Co.,
 
 406 U.S. 416, 434, 92 S.Ct. 1678, 1688, 32 L.Ed.2d 195 (1972);
 
 DSQ Prop. Co., Ltd. v. DeLorean,
 
 891 F.2d 128, 131 (6th Cir.1989), Terleeky argues those decisions are distinguishable from the situation presented here. Because we believe the equitable defense of
 
 in pari delicto
 
 can properly be applied in this case to dismiss the trustee’s claims, however, we need not address the intricacies of the standing issue.
 

 “In pari delicto
 
 refers.,to the plaintiffs participation in the same wrongdoing as the defendant.”
 
 Bubis v. Blanton,
 
 885 F.2d 317, 321 (6th Cir.1989) (citing
 
 Memorex Corp. v. International Business Machines Corp.,
 
 555 F.2d 1379, 1382 (9th Cir.1977)). The doctrine is premised upon the equitable principle that “[n]o Court will lend its aid to a man who founds his cause of action, upon an immoral or illegal act.”
 
 Jones v. Hyatt Legal Servs. (In re Dow),
 
 132 B.R. 853, 860 (Bankr.S.D.Ohio 1991).
 

 Terleeky contends, however, that
 
 in pari delicto
 
 principles apply only if the plaintiff is of equal or greater fault than a defendant. The trustee insists that in order to reach such a determination, a fact-finding inquiry is necessary and that because no such hearing occurred here, the doctrine-may not be applied as intended. Nevertheless, Terleeky admits in his complaint that the debtors’ own actions were instrumental in perpetrating the fraud on the individuals choosing to invest in the Dublin Securities schemes. That pleading concedes, for example, that the debtors intentionally defrauded their investors. Such purposeful conduct thus establishes conclusively that the debtors were
 
 at least
 
 as culpable as the defendants in this matter.
 

 The trustee also disputes application of the doctrine of
 
 in pari delicto
 
 on the bases (1) that it is against public policy to allow attorneys participating in such ethically reprehensible activity to escape civil sanctions and (2) that it is not the corporate debtors who are at fault here, but only the
 
 individuals
 
 who dominated the business entities. Neither of these two arguments is sufficient, however, to foreclose use of
 
 in pari delicto
 
 principles in a case such as this. First, by dismissing the trustee’s suit against the attorneys and law firms, .the district court did not insulate the defendants from all civil liability. In fact, as the court noticed judicially, the defendants here are also named as defendants in other actions filed by the creditors seeking compensation for the allegedly fraudulent activity in which the defendants engaged.
 

 Also, while the trustee argues that the individual officers of the debtors acted adversely to the corporate interest and that their wrongdoing should not, therefore, be imputed to the corporate entity, he recognizes “that the officers and directors so dominated and controlled the corporation that the corporation had no separate mind, will, or existence of its own.” Consequently, the officers and directors were the “alter egos” of the debtor corporations and any malfeasance on their parts is directly attributable to the debtors themselves.
 

 Prior to the district court decision in this matter, Terleeky also filed suit in Ohio state court against “John Doe” defendants “on claims arising out of the same transactions and occurrences set forth in the Complaints in the Federal Actions.” In a final appellate issue, the trustee now complains that the district court erred in later enjoining him from “commencing or prosecuting any action in any court other than [the district court] against [the defendant law firms and lawyers] in any way relating to any of the facts, transactions or occurrences set forth in or underlying the Trustee’s Complaints filed in the Federal Actions.”
 

 We review a grant of a permanent injunction only for an abuse of discretion.
 
 Wayne v. Village ofSebring,
 
 36 F.3d 517, 531 (6th Cir.1994),
 
 cert. denied,
 
 514 U.S. 1127, 115 S.Ct. 2000, 131 L.Ed.2d 1001 (1995). An abuse of discretion is defined as a definite and firm conviction that the district court committed a clear error of judgment.
 
 Bowling v. Pfizer, Inc.,
 
 102 F.3d 777, 780 (6th Cir.1996). No such error occurred in this instance.
 

 The district court originally issued its injunction pursuant to the All Writs Act, 28 U.S.C. § 1651, which provides that “[t]he
 
 *381
 
 Supreme Court and all courts established by Act of Congress may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law.” The trustee contends, however, that the injunction should not have issued because the defendants could not establish irreparable harm or a strong likelihood of success on the merits, because the district court order at issue was not final and non-appealable, and because any preclusion defense should be raised in the state court in the first instance.
 

 Ordinarily, the Anti-Injunction Act, 28 U.S.C. § 2288, forbids a federal court from enjoining proceedings in state courts. That statutory provision nevertheless contains its own exception for situations “expressly authorized by Act of Congress, or where necessary in aid of [the district court’s] jurisdiction, or
 
 to protect or effectuate its judgments.” Id.
 
 (emphasis added). Here, the district court ruled that the bankruptcy trustee could not maintain an action against the defendant law firms and lawyers. Faced with an end to his federal litigation, the trustee sought to substitute for “John Doe defendants” in a parallel state court action the names of individual lawyers in the law firms that had been federal defendants. It was only at that point that the district court, in an effort to protect its judgment, issued the injunction now at issue on this appeal.
 

 In such a situation, the potential irreparable harm to the defendants from the failure to issue an injunction is obvious. The purported state court defendants, agents of the law firm defendants in federal court, are forced to defend in yet another forum the identical claims that were asserted against their principals unsuccessfully. Furthermore, because of the collateral estoppel effect of that prior federal court decision, the likelihood of the defendants’ success on the merits in the subsequent proceeding is conclusive.
 

 Additionally, the district court decision that the trustee could not bring the malpractice claims against the defendants in this matter is a final determination that ends the litigation. The fact that the district court’s decision has been appealed to this court is not, moreover, a reason not to issue the injunction requested by the defendants. As we previously noted, “a final judgment retains all of its preclusive effect pending appeal.”
 
 Erebia v. Chrysler Plastic Prods. Corp.,
 
 891 F.2d 1212, 1215 n. 1 (6th Cir.1989).
 

 Finally, the trustee submits that the issuance of the injunction was premature. According to Terleeky’s argument, the district court should not have issued the injunction prophylactically, but rather should have allowed the defendants to raise the defense in the state court action. Although preclusion defenses are often asserted in just such a manner, rational justification exists for permitting earlier invocation of the defense. In
 
 Kentucky Fried Chicken Corp. v. Diversified Packaging Corp.,
 
 552 F.2d 601, 603 (5th Cir.1977), the Fifth Circuit explained that “[t]here is no good reason to put a [prevailing party] to the harassment of an expensive, time-consuming procedure to prove its res judicata or estoppel claims in another court- [N]either common sense nor precedent relegates the [prevailing party] to such small comfort after ... lengthy and expensive litigation.” Similarly, in this case, the trustee can point to no justification for subjecting the potential state court defendants to continued vexatious litigation.
 

 CONCLUSION AND RECOMMENDATION
 

 We conclude that the equitable principles of the doctrine of
 
 in pari delicto
 
 were properly interposed in this matter to prevent recovery by debtors who conspired with the defendants to defraud innocent investors. For that reason, and because we also agree that the trustee should be enjoined from litigating these same claims against agents of the same defendants in another forum, we AFFIRM the judgment of the district court.