This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
Appellant, Jamie L. McDavid, appeals from a decision of the Lorain County Court of Common Pleas that granted summary judgment to her former employer, Appellee Metokote Corporation ("Metokote"), the Industrial Commission of Ohio, and the Bureau of Workers' Compensation. Because Metokote failed to satisfy its evidentiary burden on summary judgment, this Court reverses.
McDavid filed an application for workers' compensation benefits on March 23, 1994. Her claim was based on carpal tunnel syndrome that was allegedly caused by her employment with Metokote. Although McDavid developed carpal tunnel syndrome during 1991, she contended that it was not diagnosed as being caused by her employment until 1994. The industrial commission denied McDavid's claim against Metokote[1], and that denial was affirmed throughout the industrial commission's administrative process. Pursuant to R.C. 4123.512, McDavid filed an appeal to the Lorain County Court of Common Pleas.
Metokote moved for, and was granted, summary judgment. This Court reversed that judgment on appeal because the trial court had improperly based summary judgment on an issue not raised by Metokote. See McDavid v. Metokote Corp. (May 28, 1997), Lorain App. No. 96CA006483, unreported.
After the case was remanded to the trial court, Metokote filed a second motion for summary judgment. This time, it asserted two grounds for summary judgment. The first ground was that, because McDavid worked for Metokote from 1987 until 1991 and she did not file her workers' compensation claim until 1994, her claim was barred by the two-year statute of limitations set forth in R.C. 4123.85. McDavid responded in opposition, asserting that her carpal tunnel syndrome was not diagnosed as work-related until January 1994, and, therefore, her claim was timely filed.[2]
Metokote's second ground for summary judgment was that, even if McDavid had timely filed her claim, her injury was caused by her position with her employer during 1994, not her job with Metokote.
Metokote supported its motion with the affidavit of Dr. Ray Romero, a physician who had examined McDavid. He stated that he informed McDavid during January 1991 that her carpal tunnel syndrome was work-related. McDavid filed a brief in opposition to summary judgment and attached her own affidavit as evidentiary support. She attested that Dr. Romero never informed her that her carpal tunnel syndrome was related to her employment.
The trial court granted summary judgment to Metokote, finding that McDavid had no medical evidence to support a claim against Metokote because her own medical expert had opined that her injury was caused by her more recent employment with another employer. McDavid appeals and raises one assignment of error, which challenges the propriety of summary judgment.
In reviewing a trial court's entry of summary judgment, an appellate court applies the same standard used by the trial court.Perkins v. Lavin (1994), 98 Ohio App.3d 378, 381. Pursuant to Civ.R. 56(C), summary judgment is proper if:
 (1) [N]o genuine issue as to any material fact remains to be litigated;
 (2) the moving party is entitled to judgment as a matter of law; and
 (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing the evidence most strongly in favor of the nonmoving party, that conclusion is adverse to the nonmoving party.
State ex rel. Howard v. Ferreri (1994), 70 Ohio St.3d 587, 589. "Doubts must be resolved in favor of the nonmoving party." Hortonv. Harwick Chem. Corp. (1995), 73 Ohio St.3d 679, 686.
A party seeking summary judgment must not only state the specific basis for its motion, but it must also point to portions of the record that demonstrate its argument. Dresher v. Burt
(1996), 75 Ohio St.3d 280, 293, 296. It must support its argument with "some evidence of the type listed in Civ.R. 56(C)." Id. at 293. If the moving party fails to satisfy this initial burden, the motion for summary judgment must be denied. Id.
Metokote failed to submit any evidence to support its assertion that McDavid's carpal tunnel syndrome was not causally related to her 1987-1991 employment with Metokote, nor did it point to any evidence already in the record. Although the trial court based its decision on "Dr. Shapiro's statement that [McDavid's] carpal tunnel syndrome was causally related to her work [with a different employer during 1994]," Metokote did not to point to, nor can this Court find, any such evidence in the record. Because Metokote did not meet its initial evidentiary burden on the causation issue, the trial court erred in granting summary judgment on that basis.
This Court is not authorized to reverse the judgment, however, merely because the trial court stated an improper reason for it. State ex rel. Carter v. Schotten (1994), 70 Ohio St.3d 89,92. Summary judgment will be affirmed on appeal if there were any valid grounds asserted to support it. Kovacs v. Thomson,Hewitt O'Brien (1997), 117 Ohio App.3d 465, 471. Thus, this Court must review all grounds that Metokote asserted for summary judgment.
Metokote also asserted that McDavid's claim was barred by the statute of limitations. It contended that the two-year statute of limitations on McDavid's claim started running in January 1991 when her carpal tunnel syndrome was diagnosed because she knew at that time that it was work-related. It supported this argument with the affidavit of Dr. Romero in which he stated that he had informed McDavid in January 1991 that her carpal tunnel syndrome was related to her employment. This evidence was sufficient to satisfy Metokote's initial burden under Dresher.
The burden then shifted to McDavid to "set forth specific facts showing that there is a genuine issue for trial[.]"Dresher, supra, at 293. McDavid responded in opposition and submitted her own affidavit in support. She attested that Dr. Romero never told her that her carpal tunnel syndrome was related to her employment.
McDavid's testimony directly contradicted that of Dr. Romero on a key material fact, whether she knew that her carpal tunnel syndrome was work-related when it was first diagnosed in 1991. Her evidence, therefore, was sufficient to satisfy her burden of demonstrating a genuine issue of material fact on Metokote's statute of limitations defense.[3] The trial court improperly granted summary judgment to Metokote because no valid grounds were demonstrated. McDavid's assignment of error is sustained.
Judgment reversed and cause remanded.
 KK The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to Appellee.
Exceptions.
BETH WHITMORE
FOR THE COURT CARR, J.
[1] The record does not reveal whether McDavid pursued a workers' compensation claim against her more recent employer.
[2] R.C. 4123.85 includes a modified version of the common law discovery rule. The statute of limitations for a claim based on an occupational disease is the later of: (1) two years after the disease began, or (2) six months after the occupational disease was diagnosed.
[3] The dissent has concluded that the statute of limitations began to run in 1991 because McDavid should have known that her carpal tunnel was work-related at that time. The authority cited for the "should have known" standard, Lewis v.Trimble (1997), 79 Ohio St.3d 231, interpreted a different statute, R.C. 4123.84, and no authority is cited for applying that interpretation to R.C. 4123.85. Even if this Court were to conclude that a "should have known" standard applies to R.C.4123.85, the record does not indicate whether McDavid had sufficient information in 1991 to cause her to believe that her injury was work-related. The evidence does not include any details of the discussions between McDavid and Dr. Romero, such as whether McDavid inquired about a possible cause for her injury or whether Dr. Romero volunteered any such information. Therefore, the record does not support a conclusion that McDavid should have known that her injury was work-related when she saw Dr. Romero in 1991.
CONCURS SLABY