**YOUNG et al.**

v.

**IBP, INC. et al.**

2003-Ohio-3512.]

Court of Common Pleas of Ohio,
Medina County.

No. 02–CIV–0186.

Decided Feb. 24, 2003.

**32**

Kerry Volsky, for plaintiff.

John T. Murphy, James J. Imbrigiotta and Jack O. Kalmink, for defendant.

JAMES L. KIMBLER, Judge.

### Procedural History

{¶ 1} The plaintiffs, Hope and William Young, filed a complaint alleging personal injuries sustained by Hope Young when she consumed contaminated meat and loss of consortium sustained by William Young. The defendant, IBP, Inc., has moved for summary judgment pursuant to Civ.R. 56.

## Findings of Fact

{¶ 2} On or about July 4, 2000, Hope Young consumed some ground beef that allegedly was contaminated with E. coli bacteria. As a result, she allegedly became violently ill.

{¶ 3} On December 17, 2001, Hope and William Young filed a Chapter 7 bankruptcy petition. Harold Corzin was appointed trustee for the bankruptcy estate.

{¶ 4} On February 19, 2002, Hope and William Young filed an action against IBP, Inc., and NC & T Supermarkets, Inc. Their complaint did not name as a plaintiff the trustee for the bankruptcy estate.

{¶ 5} On January 17, 2003, Hope and William Young filed an amended complaint, after receiving permission from the court to do so, adding the trustee as a plaintiff.

## Conclusions of Law

{¶ 6} Summary judgment is appropriate when (1) there is no genuine issue of material fact, (2) the moving party is entitled to judgment as a matter of law, and (3) after construing the evidence most favorably for the party against whom the motion is made, reasonable minds can reach only a conclusion that is adverse to the nonmoving party. *Zivich v. Mentor Soccer Club, Inc.* (1998), 82 Ohio St.3d 367, 696 N.E.2d 201; *Temple v. Wean United, Inc.* (1977), 50 Ohio St.2d 317, 4 O.O.3d 466, 364 N.E.2d 267.

{¶ 7} To obtain a summary judgment under Civ.R. 56(C), the moving party bears the initial responsibility of informing the court of the basis for the motion and identifying those portions of the record that support the requested judgment. *Vahila v. Hall* (1997), 77 Ohio St.3d 421, 674 N.E.2d 1164.

{¶ 8} If the moving party discharges this initial burden, the party against whom the motion is made then bears a reciprocal burden of specificity to oppose the motion. Id. See, also, *Mitseff v. Wheeler* (1988), 38 Ohio St.3d 112, 526 N.E.2d 798.

{¶ 9} Any doubts must be resolved in favor of the nonmoving party. *Murphy v. Reynoldsburg* (1992), 65 Ohio St.3d 356, 604 N.E.2d 138.

{¶ 10} Where a cause of action is property of the bankruptcy estate, the debtor is divested of it, and only the trustee has standing to assert the claim, unless the trustee abandons the claim. *Kovacs v. Thomson, Hewitt, & O'Brien* (1997), 117 Ohio App.3d 465, 469, 690 N.E.2d 970.

{¶ 11} R.C. 2329.66(A)(12)(c) exempts from the estate of an Ohio bankruptcy petitioner $5,000 collected because of the right to sue for personal injuries.

Exempted property does not become part of the bankruptcy estate if the bankruptcy petitioner claims the exemption and the trustee does not dispute the exemption.

{¶ 12} If a bankruptcy petitioner has a claim for personal injuries because of the tortious conduct of another, then following the filing of the bankruptcy petition, there are two possible plaintiffs: the person who was injured and the trustee.

{¶ 13} An amended pleading that is based on the same occurrence, transaction, or conduct as the original complaint relates back to the date of the original pleading. Civ.R. 15(C).

## Holding

{¶ 14} If a bankruptcy petitioner files a personal injury action within the statute of limitations, and then an amended complaint is filed naming the trustee as a plaintiff after the statute of limitations has expired, the amended complaint relates back to the filing date of the complaint filed by the bankruptcy petitioner, and the action by the trustee has been timely commenced.

## Discussion

{¶ 15} IBP, Inc. makes the following argument in support of its motion. Hope and William Young filed their petition in bankruptcy prior to filing the personal injury action. Therefore, at the time that they filed the personal injury action, they did not "own" the cause in action against IBP, Inc., but rather, it was "owned" by the trustee of the bankruptcy estate. Consequently, the personal injury action was not commenced at that time. When they amended the complaint to add the trustee, the statute of limitations had expired, and, therefore, no action was commenced within the two-year statute of limitations, and IBP, Inc., is entitled to summary judgment. In support, IBP, Inc., cites *Kovacs*.

{¶ 16} *Kovacs*, however, is distinguishable from the present case. *Kovacs* involved attorney malpractice, where the only damages suffered by the client were financial. As a result, there was no $5,000 exemption as set forth in R.C. 2329.66(A)(12)(c). The existence of the exemption means that when the Youngs filed their complaint, there were actually three plaintiffs with causes of action based on the alleged negligence of IBP, Inc.: Hope Young, William Young, for loss of consortium, and the trustee. The Youngs each had a cause of action for $5,000, and the trustee had a cause of action for all sums above the exemption. (Theoretically, if a jury were to award more than the amount that the Youngs owe their creditors, they would be entitled to the rest, but for purpose of this analysis, such a possibility does not alter the outcome.)

{¶ 17} If the amended complaint had never been filed and the case had proceeded to trial on the original complaint, the Youngs would have been limited to $10,000 in damages. That is because, without the amended complaint, the trustee would not have been a party. An amended complaint was filed, however, and so the question is whether the amended complaint relates back to the date of the filing of the original complaint.

{¶ 18} Civ.R. 15(C) states that an amended pleading that is based on the same conduct, transaction, or occurrence as the original pleading relates back to the date of the filing of the original pleading. In this case, the only difference between the original pleading and the amended pleading is the addition of the trustee as a plaintiff. In such a case, the amended pleading relates back to the original pleading.

{¶ 19} In arriving at this conclusion, this court is applying the following analysis used by the Ohio Supreme Court in *Cecil v. Cottrill* (1993), 67 Ohio St.3d 367, 370, 618 N.E.2d 133:

"Civ.R. 15(C) sets forth three requirements that must be met before an amendment relates back to the original pleading. First, the amended complaint must arise from the same events which support the original complaint. Second, the party 'brought in' by the amendment must receive, 'within the period provided by law for commencing the action,' such notice of the action that the party is able to maintain a defense. Third, within the same period as provided in the second requirement, the new party must have or should have known that but for a mistake concerning the proper party's identity, the action would have been brought against the new party."

{¶ 20} Although *Cecil* concerned the situation where a new party defendant is brought into an action, the same analysis should apply where the amended pleading adds a new plaintiff.

{¶ 21} First, in this case, there is no doubt that both the trustee and the Youngs are basing their action against IBP, Inc., on the same events. Second, IBP, Inc., received notice of the alleged tortious conduct within the two-year statute of limitations. Third, IBP, Inc. knew, or should have known, that but for the mistake of not including the trustee as a plaintiff, the action would have been brought against it in the name of all three plaintiffs.

{¶ 22} "The spirit of the Civil Rules is the resolution of cases upon their merits, not upon pleading deficiencies." *Peterson v. Teodosio* (1973), 34 Ohio St.2d 161, 63 O.O.2d 262, 297 N.E.2d 113. The holding of this court denying IBP, Inc.'s motion for summary judgment follows the spirit of the Civil Rules as set forth in *Peterson.*

36

**Order**

{¶ 23} The motion for summary judgment filed by IBP, Inc. is denied.