**In re DONAHUE SECURITIES, INC. and S.G. Donahue & Company, Inc., Debtors.**

**Douglas L. Lutz, Trustee for the Liquidation of Donahue Securities, Inc. & S.G. Donahue Company, Inc., Plaintiff,**

**v.**

**Richard Chitwood and Michelle Schumacher and Sharyn Lynn Mayer, Defendants.**

Bankruptcy No. 01–1027.
Adversary No. 02–1381.

United States Bankruptcy Court,
S.D. Ohio,
Western Division.

Oct. 2, 2003.

Lisa Dorr, Stephen P. Harbeck, Washington, DC, for Plaintiff.

Ryan C. Edwards, Cincinnati, OH, Douglas L. Lutz, Douglas S. Tripp, Gerald L. Baldwin, Steven D. Hengehold, Cincinnati, OH, for Defendant.

## MEMORANDUM ON ORDER GRANTING MOTION TO DISMISS AND GRANTING MOTION TO AMEND COMPLAINT

JEFFERY P. HOPKINS, Bankruptcy Judge.

The Plaintiff commenced this adversary proceeding with the filing of a Complaint (Doc. 1) alleging that the Defendants, employees of Donahue Securities, Inc. ("DSI"), breached a duty of care owed to DSI. Presently before the Court is a motion to dismiss ("Motion") (Doc. 5) filed by the Defendants. The Defendants argue that the Complaint should be dismissed for failure to state a claim because the Defendants did not owe a duty to DSI.

Based upon this Court's Memorandum of Decision Granting In Part and Denying In Part The Motion To Dismiss ("Memorandum") entered in *Securities Investor Protection Corp. v. Munninghoff Lange & Co. (In re Donahue Securities, Inc.)*, Adv. No. 02–1179 (Bankr.S.D.Ohio Jul. 21, 2003), the parties were given the opportunity to file briefs concerning the applicability of the *in pari delicto* doctrine.[1] In *Munninghoff*, the Court concluded that the doctrine of *in pari delicto* barred DSI from asserting a negligence claim against its accountants because a SIPA trustee, pursuant to 15 U.S.C. § 78fff–1(a), possesses the same rights with respect to the debtor as a bankruptcy trustee and thus, pursuant to 11 U.S.C. § 541(a), no greater rights than those of the debtor as of the commencement of the case.[2]

■ By its supplemental memorandum (Doc. 21), the Plaintiff argues that the *in pari delicto* doctrine should not be applied in SIPA proceedings because: (1) its application is inconsistent with the purpose and design of SIPA; and (2) pursuant to 15 U.S.C. § 78fff(b), the provisions of Title 11 apply in a SIPA proceeding only "[t]o the extent consistent with the provisions of [SIPA]."[3] The Court disagrees with the Plaintiff's reasoning.

■ The Court finds the Plaintiff's § 78fff(b) argument to be unpersuasive for at least two reasons. First, it is not inconsistent with SIPA to hold that a SIPA trustee is vested with the same rights as a bankruptcy trustee under § 541(a) where SIPA itself expressly dictates the same under § 78fff–1(a). Secondly, the Plaintiff surely does not mean to argue that § 541(a) itself has no application in a SIPA proceeding, otherwise he would be conceding that his Complaint fails to state a claim since it is predicated upon his succession, pursuant to § 541(a), to DSI's alleged negligence claim.

■ Therefore, the Plaintiff is really arguing that the *in pari delicto* doctrine, not § 541(a) in total, should not be applied in SIPA proceedings because the application of *in pari delicto* is inconsistent with the purpose and design of SIPA. Because Title 11 is not implicated by this argument, § 78fff(b) is irrelevant. This leaves the Plaintiff to rely upon the same case law upon which he relied in *Munninghoff*.

---

1. For the complete text of the *Munninghoff* Memorandum, *see* Appendix to Doc. 18.

2. Section 78fff–1(a) provides:
   A trustee shall be vested with the same powers and title with respect to the debtor and the property of the debtor, including the same rights to avoid preferences, as a trustee in a case under title 11.

3. Section 78fff(b) provides, in relevant part:
   To the extent consistent with the provisions of this chapter, a liquidation proceeding shall be conducted in accordance with, and as though it were being conducted under chapters 1, 3, and 5 and subchapters I and II of chapter 7 of title 11.

For the reasons stated in the Court's decision therein, the Court distinguishes these cases and rejects the Plaintiff's attempt to extend these cases to a SIPA proceeding.[4] This is not to say that the Plaintiff's reasoning is unpersuasive. It is simply to say that this Court believes that its hands are tied until the Sixth Circuit determines that *in pari delicto* does not apply to a SIPA proceeding notwithstanding § 78fff–1(a) and its application of *in pari delicto* to a bankruptcy trustee in *Terlecky v. Hurd*

*(In re Dublin Securities, Inc.)*, 133 F.3d 377 (6th Cir.1997).[5] For these reasons, the Motion will be **GRANTED.**

In attempt to reinforce his suit, the Plaintiff filed a motion to amend the complaint ("Motion to Amend") (Doc. 20). By his Amended Complaint, the Plaintiff asserts negligence actions against the Defendants on behalf of: (1) the estate of DSI; (2) the Plaintiff himself, as bailee of customer property; and (3) the Securities Investor Protection Corporation ("SIPC"), as

---

**4.** The Court hereby incorporates the following analysis from its *Munninghoff* decision:

Next, the Trustee argues that, even if Donahue's misconduct can be imputed to DSI, the misconduct cannot be imputed to an innocent successor in interest such a bankruptcy trustee. The Trustee cites *Scholes v. Lehmann*, 56 F.3d 750 (7th Cir. 1995) and *Fed. Deposit Ins. Corp. v. O'Melveny & Myers*, 61 F.3d 17 (9th Cir.1995) in support of this position. Both *Scholes* and *O'Melveny* involved actions by receivers that were not barred by the *in pari delicto* defense notwithstanding misconduct on the part of the entities in receivership. From a policy standpoint, these courts did not think it would be equitable to impute misconduct to an innocent *receiver*. The Trustee argues that his role in this proceeding is analogous to that of the receivers in *Scholes* and *O'Melveny*.

This proceeding is easily distinguishable from *Scholes* and *O'Melveny* because of the applicability of 11 U.S.C. § 541. A trustee in a SIPA liquidation possesses the same rights as a trustee in bankruptcy. *See* 15 U.S.C. § 78fff–1(a). A bankruptcy trustee succeeds to "all legal or equitable interests of the debtor in property *as of the commencement of the case* [.]" *See* § 541(a)(1) (emphasis added). Because a trustee's rights are limited to those enjoyed by the debtor "as of the commencement of the case," courts have been unpersuaded by the argument that postpetition appointment of a trustee somehow renders the doctrine of *in pari delicto* inapplicable. *See Official Committee of Unsecured Creditors v. R.F. Lafferty & Co., Inc.*, 267 F.3d 340, 355–58 (3rd Cir.2001) (distinguishing *Scholes* and *O'Melveny* from bankruptcy proceedings); *Sender v. Buchanan (In re Hedged–Invest-*

*ments Assocs., Inc.)*, 84 F.3d 1281, 1284–85 (10th Cir.1996). In addition to the Third and Tenth circuits, at least two other circuits have applied the doctrine of *in pari delicto* to preclude an action brought by a bankruptcy trustee. *See Dublin Securities*, 133 F.3d 377; *Mediators*, 105 F.3d 822. Given that *Dublin Securities* is a Sixth Circuit decision applying Ohio law, and therefore controlling on this Court, we reject the Trustee's argument that the misconduct of DSI cannot be imputed to an innocent successor in interest such as himself.

*Munninghoff* at 9–10.

**5.** The Plaintiff suggests that the Sixth Circuit's failure to cite *Appleton v. First Nat'l Bank*, 62 F.3d 791 (6th Cir.1995) in *Dublin Securities* demonstrates the Sixth Circuit's intent to limit the application of *in pari delicto* to a bankruptcy trustee and not extend its application to a SIPA trustee. Given that *Appleton* did not involve the *in pari delicto* defense, the Court does not draw the same conclusion. In *Appleton*, a SIPA trustee sued two banks for depositing checks made payable to the corporate debtor into the accounts of a sole proprietorship maintained by the debtor's sole shareholder. One of the defenses raised by the banks, and rejected by the Sixth Circuit, was that the debtor and the proprietorship were alter egos that should be treated as a single entity. This defense is distinguishable from the doctrine of *in pari delicto*. If the banks were asserting the defense of *in pari delicto*, they would have argued that the debtor-and thus the SIPA trustee-was barred from prosecuting its alleged claims against the banks given the debtor's hand in the improprieties that led to its losses. Such a defense is not suggested in *Appleton*.

subrogee of customer claims. As noted above, the doctrine of *in pari delicto* is dispositive as to the claims of the estate of DSI. The doctrine does not apply to the other claims.

The Defendants oppose the Motion to Amend, arguing that they did not owe a duty to DSI's customers. Although the parties have briefed this issue, the Court cannot address the merits of the Amended Complaint at this time. Fed.R.Civ.P. 15(a) permits amendment as a matter of right even if a Fed.R.Civ.P. 12(b)(6) motion has been filed because the latter does not constitute a "responsive pleading" under Rule 15(a). *Pertuso v. Ford Motor Credit Co.,* 233 F.3d 417, 420–21 (6th Cir.2000). If this Court were to deny the Motion to Amend on the basis that the Amended Complaint fails to state a claim, such a denial would constitute error. *See id.* Accordingly, the Motion to Amend will be **GRANTED** to the extent that the Amended Complaint asserts claims that are not set forth in the Complaint. Thereafter, the Defendants may file a motion to dismiss the Amended Complaint, if they so choose, incorporating the relevant pleadings that they have already filed. Likewise, the Plaintiff may respond by incorporating the relevant pleadings that he has already filed.

An order to this effect will be entered.