**In Re Ali M. ALMASRI, Debtor.**

**Lauren A. Helbling, Chapter 7 Trustee, Plaintiff,**

v.

**Stanley L. Josselson, Defendant.**

**Bankruptcy No. 05–10812.
Adversary No. 06–1989.**

United States Bankruptcy Court,
N.D. Ohio,
Eastern Division.

Nov. 21, 2007.

552

Stephen D. Hobt, Cleveland, OH, for Plaintiff.

George H. Carr, Gallagher Sharp, Cleveland, OH, for Defendant.

## MEMORANDUM OF OPINION AND ORDER

RANDOLPH BAXTER, Chief Judge.

Before the Court is Defendant Stanley L. Josselson's Motion to Dismiss Complaint with Prejudice ("Motion"). The Trustee opposes the Motion. After considering the parties' respective briefs and conducting oral arguments on the Motion, the Court rules as follows:

\*

The Debtor filed a voluntary Chapter 7 petition on January 24, 2005. The Trustee filed a Complaint to Revoke Debtor's Discharge on December 14, 2005 objecting to discharge pursuant to 11 U.S.C. §§ 727(a)(4)(A). The basis of the Trustee's complaint was failure of the Debtor to disclose the existence of a bank account and a business. This Court entered judgment against the Debtor, revoking his discharge, on April 14, 2006. Otherwise, the Debtor conceivably would have received a discharge of debts totaling $262,787.94. The Defendant, Stanley L. Josselson, was the Debtor's bankruptcy counsel.

The Trustee brought the instant adversary proceeding against Josselson, alleging that he committed legal malpractice and that the Debtor was damaged in the amount of $262,787.94 as a result. Specifically, the Trustee alleges that the Debtor informed Josselson of the existence of the bank account and the business but Josselson failed to include such in the Debtor's petition and schedules as a claimant. The Trustee alleges that it was Josselson's failure to list the account and business that resulted in the Debtor's revocation of discharge.

\* \*

The dispositive issue for the Court is whether the Defendant has met his burden to prove that the Trustee's complaint fails to state a claim for which relief can be granted.

\* \* \*

■ This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334 and General Order No. 84 of the District. This adversary proceeding is a non-core proceeding and therefore this Court is precluded from entering a final judgment in this matter absent consent of the parties. 28 U.S.C. §§ 157(c)(1) and (2). The Sixth

Circuit has noted that malpractice claims asserted by the debtor's successor in interest against the debtor's bankruptcy counsel were "non-core" because as "claims . . . against a non-creditor third party, they are not among the core proceedings arising under the Bankruptcy Code or listed in 28 U.S.C. § 157(b)(2)(A-O)." *Browning v. Levy*, 283 F.3d 761, 773 (6th Cir.2002). Josselson has never sought payment from the debtor's estate, nor did the debtor list Josselson in his petition and schedules. Further, the Trustee's allegations relate solely to acts that occurred prepetition in the preparation of the Debtor's petition and schedules. Therefore, *Southmark Corp. v. Coopers & Lybrand (In re Southmark Corp.)*, 163 F.3d 925 (5th Cir.1999), relied on by the Trustee, is distinguishable. In that case, the court found that the debtor's malpractice claim against a court-appointed examiner was core because the debtor alleged breaches of fiduciary duty and of a contract whose terms had been approved postpetition by the bankruptcy court. The court found that the claims were inseparable from the bankruptcy context and that a "court-appointed professional's dereliction of duty could transgress both explicit Code responsibilities and applicable professional malpractice standards." *Id.* at 931. In addition the examiner in that case had filed an administrative claim to obtain fees and the court found that the malpractice claim was similar to a counterclaim. *Id.* at 932. Herein, Josselson has not filed a proof of claim against the Debtor's bankruptcy estate.

■ This Court has the authority, however, to hear this adversary proceeding pursuant to 28 U.S.C. § 157(c)(1), which states in pertinent part that:

> (c) (1) A bankruptcy judge may hear a proceeding that is not a core proceeding but that is otherwise related to a case

under title 11. In such a proceeding, the bankruptcy judge shall submit proposed findings of fact and conclusions of law to the district court, and any final order or judgment shall be entered by the district judge after considering the bankruptcy judge's proposed findings of fact and conclusions and after reviewing de novo those matters to which any party has timely and specifically objected.

■ A civil proceeding is "related to" a bankruptcy case where "the outcome of the proceeding could conceivably have any effect on the estate being administered in bankruptcy." *Wolverine Radio Co.*, 930 F.2d 1132, 1142 (6th Cir.1991). The Trustee's allegations herein are related to the Debtor's bankruptcy estate because any recovery will impact distribution to the estate's creditors.

■ Although this Court is precluded from entering a final order or judgment on the subject adversary proceeding, the denial of a motion to dismiss is not a final order. *Archie v. Lanier*, 95 F.3d 438, 442 (6th Cir.1996). Because 28 U.S.C. § 157(c)(1) speaks only to "final" orders or judgments, the plain language of that provision dictates that this Court has the authority to enter interlocutory orders in non-core proceedings and courts have consistently held such to be within the power of the bankruptcy court. *See In re Quality Care Medical Equipment, Co., Inc.*, 92 B.R. 117, (E.D.Pa.1988)("bankruptcy courts, in non-core matters, may enter only interlocutory orders, absent the consent of all parties."); *In re Kennedy*, 48 B.R. 621, 623 (Bankr.D.Ariz.1985)("[w]hile not defined, Congress' use of the familiar legal expression 'final order' connotes its intent that the words be given their usual legal meaning and bankruptcy interlocutory orders in noncore proceedings need not be submitted to the district court."); and *In re One–Eighty Investments, Ltd.*,

72 B.R. 35, (N.D.Ill.1987)(striking objections to bankruptcy court's findings of fact and conclusions of law denying motion for summary judgment because "Congress did not intend to impose the burden on the district court that would result if bankruptcy courts could not enter interlocutory orders.")

\* \* \* \*

Josselson moves to dismiss the Trustee's complaint pursuant to Rule 12(b)(6), Fed. R.Civ.P., which provides:

> (b) How Presented, Every defense, in law or fact, to a claim for relief in any pleading, whether a claim, counterclaim, cross-claim, or third-party claim, shall be asserted in the responsive pleading thereto if one is required, except that the following defenses may at the option of the pleader be made by motion:
>
> (6) failure to state a claim upon which relief can be granted.

The purpose of Rule 12(b)(6) is to allow a defendant to test whether, as a matter of law, the plaintiff is entitled to legal relief if all the facts and allegations in the complaint are taken as true. See *Mayer v. Mylod*, 988 F.2d 635, 638 (6th Cir.1993)(citing *Nishiyama v. Dickson County*, 814 F.2d 277, 279 (6th Cir.1987)). "[A] complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Rippy v. Hattaway*, 270 F.3d 416, 419 (6th Cir. 2001). In a Rule 12(b)(6) determination, "the factual allegations of the complaint must be accepted as true", *Kerasotes Michigan Theatres, Inc. v. National Amusements, Inc.*, 854 F.2d 135, 136 (6th Cir.1988) and construed in the light most favorable to the plaintiff, *Scheuer v. Rhodes*, 416 U.S. 232, 236, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974). In deciding a mo-

tion to dismiss for failure to state a claim, it is improper for the court to consider matters outside the complaint. *Kostrzewa v. City of Troy*, 247 F.3d 633, 643 (6th Cir.2001). If the court considers matters outside the complaint, then it must convert the motion to one for summary judgment and give the opposing party a reasonable opportunity to respond. *Id.* at 643–44. The defendant bears the burden to prove that no claim has been stated. *Gould Electronics, Inc. v. U.S.*, 220 F.3d 169, 178 (3d Cir.2000).

\* \* \* \* \*

Josselson alleges three basis for dismissing the Trustee's complaint: 1) The Trustee lacks standing to assert the malpractice claim because the Trustee is actually suing for benefit of the debtor's creditors; 2) The alleged malpractice claim is not property of the estate because each element of the claim did not exist prior to the bankruptcy filing; and 3) The Trustee, standing in the shoes of the debtor, is barred from bringing the claims alleged by the doctrine of in pari delicto.

The Trustee opposes the Motion and alleges that the claim brought is on behalf of the debtor because the debtor sustained damages as result of having his discharge revoked, that the action is property of the estate because the malpractice occurred pre-petition and that the doctrine of in pari delicto is inapplicable or, in the alternative, inappropriate to decide at this juncture.

\* \* \* \* \* \*

■ Josselson first alleges that the Trustee is seeking to assert claims on behalf of the Debtor's creditors and therefore lacks standing to bring the adversary proceeding. *Caplin v. Midland Marine Grace Trust Co.*, 406 U.S. 416, 434, 92 S.Ct. 1678, 32 L.Ed.2d 195 (1972). However, the malpractice claim brought by the Trustee does not belong to Josselson's

creditors, but to the Debtor's estate. As alleged in the complaint, the Debtor suffered the loss of his discharge because of Josselson's alleged malpractice. Had Josselson adequately performed as Debtor's counsel, the Debtor arguably, would have received a discharge of his debts in the amount of $262,787.94. Josselson alleges that the Trustee fails to identify actual damages suffered by the Debtor, i.e., in the form of claims by creditors that the Debtor now must pay because of the loss of his discharge. Although this may be relevant to the amount of damages suffered by the Debtor, it does not demonstrate that the Trustee lacks standing to bring the malpractice claim.

As discussed below, the malpractice claim is property of the Debtor's estate pursuant to 11 U.S.C. § 541 and it is the Trustee's duty to "reduce to money the property of the estate." 11 U.S.C. § 704(a)(1). Consistent with that duty, Bankruptcy Rule 6009 authorizes a trustee to "commence and prosecute any action or proceeding in behalf of the estate before any tribunal." Accordingly, Josselson's motion to dismiss with respect to Trustee's standing is not well-premised.

■■■■ Josselson's argument that the malpractice claim is not property of the estate is also not well-premised. Property of the bankruptcy estate includes "all legal or equitable interests of the debtor in property as of the commencement of the case." 11 U.S.C. § 541(a)(1). Congress enacted § 541 as part of the Bankruptcy Reform Act of 1978 with the intent that "property of the estate" be construed broadly and "include practically every conceivable interest a debtor may have in property as of the bankruptcy filing date." *In re Minton,* 348 B.R. 467, 472 (Bankr. S.D.Ohio 2006). This includes the debtor's interest in causes of action which exist at

the time of filing. *In re Graham Square, Inc.,* 126 F.3d 823, 831 (6th Cir.1997).

■■■■ Property interests are "created and defined by state law." *Butner v. United States,* 440 U.S. 48, 55, 99 S.Ct. 914, 59 L.Ed.2d 136 (1979). In order to establish a cause of action for legal malpractice under Ohio law, the plaintiff must show that (1) the attorney had a duty to the client, (2) a breach of duty occurred due to the failure to conform to the standard of care required by law, and (3) the breach proximately cause the injury or harm, *Montgomery v, Gooding, Huffman, Kelly & Becker,* 163 F.Supp.2d 831 (N.D.Ohio 2001). The cause of action for malpractice accrues when the client discovers or should have discovered, using a reasonable person standard, that the injury he suffers is related to his attorney's action or non-action or when the attorney-client relationship is terminated, whichever occurs later. *Zimmie v. Calfee, Halter and Griswold,* 43 Ohio St.3d 54, 58, 538 N.E.2d 398 (1989). Whether a cause of action exists at the commencement of the bankruptcy estate and therefore becomes property of the estate is a separate issue to when the legal malpractice had accrued. *Kovacs,* 117 Ohio App.3d at 470, 690 N.E.2d 970. When the three elements of legal malpractice under state law are present, the cause of action exists. *In re Dow,* 132 B.R. 853, 859 (Bankr.S.D.Ohio 1991).

The Trustee alleges that Josselson breached his duty to the Debtor when preparing the bankruptcy petitions and schedules. By the time of the filing of the petition, therefore, the first two elements of the legal malpractice claim had been met. The injury of the third element did not occur until the discharge had been revoked, which occurred post-petition. However, "the *Dow* court explicitly rejected the proposition that .... a plaintiff suffers damages only when adverse eco-

nomic consequences arise-rather damages from advising and representing the debtor 'occurred at the point of the filing of the petition.' " *Kovacs,* 117 Ohio App.3d at 471, 690 N.E.2d 970 (quoting *In re Dow,* 132 B.R. at 860). Therefore, the third element of the legal malpractice suit has also been satisfied.

This is consistent with the Bankruptcy Appellate Panel for the Sixth Circuit's decision, *In re Parker,* 2007 WL 1376081 (6th Cir. BAP 2007). Therein, the court stated that the question of whether the malpractice claim was property of the estate "is not whether the malpractice claim accrued, based on the moment the last element of the cause of action accrued, prior to Parker filing bankruptcy, but whether the malpractice claim is sufficiently rooted in Parker's prebankruptcy past to constitute property of the estate." *Id.* at *7.

Further, in *Johnson, Blakely, Pope, Bokor, Ruppel & Burns, P.A. v. Alvarez (In re Alvarez),* 224 F.3d 1273 (11th Cir.2000), the debtor sought to sue his bankruptcy attorney for filing a Chapter 7 petition on his behalf when a Chapter 31 petition should have been filed. The court determined that the malpractice cause of action was property of the estate because the debtor "had a cognizable interest in his legal malpractice claim at the time it was filed." *Id.* at 1277. The court further noted that the debtor had established the attorney-client relationship prepetition and that the cause of action arose directly from the debtor's prepetition actions with his counsel. *Id.* at 1279. *See also, In re Tomaiolo,* 205 B.R. 10, (Bankr.D.Mass. 1997) (concluding that debtor's legal malpractice claims, including claim concerning services in preparation of documents filed with the bankruptcy petition, were sufficiently rooted in the pre-bankruptcy past to be included in bankruptcy estate.); and *In re J.E. Marion, Inc.,* 199 B.R. 635, 637

(Bankr.S.D.Tex.1996)(finding that legal malpractice claims against the debtor's bankruptcy counsel were property of the estate.) Accordingly, Josselson's allegation that the Trustee's complaint should be dismissed because the malpractice claim is not property of the estate is not well-premised,

■ Finally, Josselson alleges that the complaint should be dismissed based on the doctrine of *in pari delicto* and cites to the case of *Terlecky v. Hurd,* 133 F.3d 377 (6th Cir.1998) in support of this argument, Specifically, Josselson alleges that the doctrine of *in pari delicto* bars the Trustee's claims because in the Trustee's adversary proceeding to revoke the Debtor's discharge, this Court found that the Debtor had acted with intent to defraud when he failed to adequately disclose in his petition and statement of financial affairs. However, in *Terlecky,* the defendant's motion to dismiss was granted because the trustee

> admits in his complaint that the debtor' own actions were instrumental in perpetrating the fraud on the individuals choosing to invest in the Dublin securities scheme. That pleading concedes, for example, that the debtors intentionally defrauded their investors. Such purposeful conduct thus establishes conclusively that the debtors were at least as culpable as the defendants in this matter.

*Id.* at 380. Herein, the Trustee alleges in the complaint that the Debtor informed his counsel of the existence of the business account and that it was his counsel who omitted the information. The Court does not determine on this record that the Debtor was "at least as culpable" as debtor's counsel, taking the allegations in the complaint as true. Accordingly, Josselson has not met his burden with respect to his claim that the doctrine of *in pari delicto* bars the Trustee's claims.

\* \* \* \* \* \* \*

Accordingly, Josselson's Motion to Dismiss is not well-premised and his hereby denied. The Trustee's opposition thereto is sustained. Each party is to bear its respective costs.

**IT IS SO ORDERED.**