[Cite as *Murray v. Miller*, 2015-Ohio-3726.]

COURT OF APPEALS
RICHLAND COUNTY, OHIO
FIFTH APPELLATE DISTRICT


| | | |
|---|---|---|
| JEFFREY J. MURRAY | : | JUDGES: |
| | : | |
| | : | Hon. W. Scott Gwin, P.J. |
| Plaintiff-Appellant | : | Hon. John W. Wise, J. |
| | : | Hon. Patricia A. Delaney, J. |
| -vs- | : | |
| | : | Case No. 15CA02 |
| | : | |
| ERIC S. MILLER | : | |
| | : | |
| | : | |
| | : | |
| Defendant-Appellee | : | O P I N I O N |


CHARACTER OF PROCEEDING:        Appeal from the Richland County Court of Common Pleas, Case No. 2012-CV-690H


JUDGMENT:        AFFIRMED


DATE OF JUDGMENT ENTRY:        September 10, 2015


APPEARANCES:

For Plaintiff-Appellant:        For Defendant-Appellee:

JAMES H. BANKS        ERIC S. MILLER
P.O. Box 40        13 Park Ave. West, Suite 608
Dublin, OH 43017        Mansfield, OH 44902

*Delaney, J.*

{¶1} Plaintiff-Appellant Jeffrey J. Murray appeals the December 30, 2014 judgment entry of the Richland County Court of Common Pleas.

## FACTS AND PROCEDURAL HISTORY

{¶2} Beginning in 1994, Defendant-Appellee Eric S. Miller provided Plaintiff-Appellant Jeffrey J. Murray with legal representation in two civil actions. Murray alleged that Miller also represented him with regard to mortgages, loans, and related issues at Richland Bank. Murray claimed that Miller continued to represent his legal interests until 2011.

{¶3} In 2011, Murray's business property was foreclosed upon in *Richland County Treasurer v. Murray*, Richland County Court of Common Pleas, Case No. 2011 CV 70. One of the co-defendants in the foreclosure was Richland Bank. Miller served as counsel for Richland Bank in the foreclosure action. On March 3, 2011, Miller filed a suit on behalf of Richland Bank captioned *Richland Bank v. Murray*, Richland County Court of Common Pleas, Case No. 2011 CV 285. The suit was to collect on two loans Murray had with Richland Bank.

{¶4} Murray filed Chapter 7 bankruptcy on August 30, 2011. In his petition, Murray did not list any potential claims against Miller as assets. The bankruptcy was discharged on January 23, 2012.

{¶5} On June 14, 2012, Murray filed a complaint for legal malpractice against Miller in the Richland County Court of Common Pleas. Murray's counsel was James H. Banks. Murray's complaint argued Miller committed legal malpractice based on Miller's legal representation of Murray and Richland Bank. Miller filed a motion for leave to

plead on July 12, 2012. In the motion, Miller argued Murray was not the real party in interest because Murray filed for bankruptcy in 2011.

{¶6} On July 26, 2012, Murray's bankruptcy trustee filed a motion to reopen the bankruptcy case and reappoint the former trustee based on the legal malpractice action. The bankruptcy court granted the motion to reopen on July 30, 2012. Miller filed his answer to the legal malpractice claim on August 13, 2012 and raised seventeen affirmative defenses, one of which was that Murray was not the real party in interest. On October 4, 2012, the bankruptcy court issued an order granting the trustee permission to employee Banks as special counsel.

{¶7} Miller filed a motion for summary judgment on May 14, 2013. In the motion, Miller argued he was entitled to judgment as a matter of law on Murray's claim for legal malpractice because Murray was not the real party in interest and had no standing to bring the claim. Miller claimed the bankruptcy trustee should have brought the action. Miller also argued Murray's legal malpractice claim was barred by the statute of limitations. Murray responded to the motion for summary judgment on July 8, 2013 and requested leave to amend the complaint to substitute the bankruptcy trustee as the plaintiff. Miller filed a reply brief and a brief in opposition to the motion to amend the complaint.

{¶8} On August 23, 2013, the trial court granted Miller's motion for summary judgment, finding as a matter of law that Murray was not the real party in interest with standing to bring the legal malpractice claim. Murray did not appeal the trial court's judgment.

{¶9}   Miller filed a motion for attorney fees on September 23, 2013. He alleged pursuant to R.C. 2323.51, he was entitled to attorney fees. Murray filed a motion to strike the motion for attorney fees because Miller filed the motion pro se. Murray also filed a response to the motion. The trial court set the matter for an oral hearing before the magistrate on January 27, 2014.

{¶10} The parties filed a notice of stipulation on January 21, 2014. The parties stated a court reporter was not required for the oral hearing because the parties resolved by stipulation that $10,000.00 was the reasonable and necessary legal fees for the defense of the action. When Murray filed his legal malpractice action, Miller contacted his legal malpractice insurance provider for representation. Miller's deductible for the claim was $10,000.00.

{¶11} The hearing before the magistrate went forward on January 27, 2014. The hearing was digitally recorded. The attorneys made oral arguments and no evidence was taken. On August 12, 2014, the magistrate issued her decision. The magistrate recommended that Murray's failure to substitute the real party in interest, the bankruptcy trustee, was frivolous conduct. The magistrate also concluded that pursuing a claim barred by the statute of limitations did not require a finding of frivolous conduct if the plaintiff presented a good faith argument that the limitations period had not run. The magistrate found the parties stipulated the amount of sanctions sought by the defendant was a reasonable cost for attorney fees. She stated that based on the fees amassed and time expended on the affirmative defenses, she recommended sanctions in the amount of $10,000.00.

{¶12} Murray filed objections to the magistrate's decision. Murray did not file a transcript of the hearing with his objections.

{¶13} On December 30, 2014, the trial court overruled Murray's objections and adopted the magistrate's decision.

{¶14} It is from this decision Murray now appeals.

## ASSIGNMENTS OF ERROR

{¶15} Murray raises four Assignments of Error:

{¶16} "I. THE TRIAL COURT LACKED JURISDICTION TO CONSIDER DEFENDANT-APPELLEE'S MOTION FOR SANCTIONS FILED PRO SE, BECAUSE APPELLEE WAS REPRESENTED BY COUNSEL AT THE TIME OF THE FILING.

{¶17} "II. THE TRIAL COURT ERRED IN OVERRULING APPELLANT'S OBJECTIONS TO THE MAGISTRATE'S DECISION ON THE BASIS OF LACK OF A TRANSCRIPT OF PROCEEDINGS, PARTICULARLY GIVEN THE STIPULATIONS IN THE CASE.

{¶18} "III. THE TRIAL COURT ERRED IN ITS DETERMINATION THAT PLAINTIFF LACKED STANDING BELOW AND THAT SUCH ALLEGED LACK OF STANDING CONSTITUTES FRIVOLOUS CONDUCT.

{¶19} "IV. THE TRIAL COURT ERRED IN FINDING FRIVOLOUS CONDUCT AND IN AWARDING SANCTIONS."

## ANALYSIS

### II., III. and IV.

{¶20} Murray argues in his third and fourth Assignments of Error that the trial court erred in finding frivolous conduct and awarding sanctions. Because the same legal principles apply to both Assignments of Error, we consider them together. We also

consider Murray's second Assignment of Error because it is relevant to the decision of whether the trial court abused its discretion in awarding sanctions.

{¶21} R.C. 2323.51(B) authorizes a trial court to award attorney fees to any party adversely affected by frivolous conduct. R.C. 2323.51(A)(2) defines "frivolous conduct" to mean:

(a) Conduct of [a] party to a civil action * * *or of the * * * party's counsel of record that satisfies any of the following:

(i) It obviously serves merely to harass or maliciously injure another party to the civil action or appeal or is for another improper purpose, including, but not limited to, causing unnecessary delay or a needless increase in the cost of litigation.

(ii) It is not warranted under existing law, cannot be supported by a good faith argument for an extension, modification, or reversal of existing law, or cannot be supported by a good faith argument for the establishment of new law.

(iii) The conduct consists of allegations or other factual contentions that have no evidentiary support or, if specifically so identified, are not likely to have evidentiary support after a reasonable opportunity for further investigation or discovery.

(iv) The conduct consists of denials or factual contentions that are not warranted by the evidence or, if specifically so identified, are not reasonably based on a lack of information or belief.

{¶22} A motion for sanctions brought under R.C. 2323.51 requires a three-step analysis by the trial court: (1) whether the party engaged in frivolous conduct, (2) if the conduct was frivolous, whether any party was adversely affected by it, and (3) if an award is to be made, the amount of the award. R.C. 2323.51(B)(2)(a). *Ferron v. Video Professor, Inc.*, 5th Dist. No. 08-CAE-09-0055, 2009-Ohio-3133, ¶ 44. The question of what constitutes frivolous conduct may be either a factual determination, or a legal determination. *Pingue v. Pingue,* 5th Dist. Delaware No. 06–CAE–10–0077, 2007–Ohio–4818, ¶ 20 citing *Wiltberger v. Davis*, 110 Ohio App.3d 46, 673 N.E.2d 628 (1996). A determination that the conduct is not warranted under existing law and cannot be supported by a good faith argument for an extension, modification, or reversal of existing law requires a legal analysis. *Lable & Co. v. Flowers*, 104 Ohio App.3d 227, 233, 661 N.E.2d 782 (9th Dist.1995). With respect to purely legal issues, we follow a de novo standard of review and need not defer to the judgment of the trial court. *Wiltberger,* supra, at 51–52, 673 N.E.2d 628. However, we do find some degree of deference appropriate in reviewing a trial court's factual determinations and will not disturb such factual determinations where the record contains competent, credible evidence to support such findings. *Id.*

{¶23} In determining whether conduct is frivolous, the courts must be careful to apply the statute so that legitimate claims are not chilled. *Beaver Excavating Co. v. Perry Twp.*, 79 Ohio App.3d 148, 606 N.E.2d 1067 (5th Dist.1992). The statute was designed to chill egregious, overzealous, unjustifiable, and frivolous action. *Oakley v. Nolan,* 4th Dist. Athens No. 06CA36, 2007–Ohio–4794, ¶ 16 citing *Turowski v. Johnson*, 68 Ohio App.3d 704, 706, 589 N.E.2d 462 (9th Dist.1990). "Whether a claim is

warranted under existing law is an objective consideration. The test * * * is whether no reasonable lawyer would have brought the action in light of the existing law. In other words, a claim is frivolous if it is absolutely clear under the existing law that no reasonable lawyer could argue the claim." *Pingue, supra*, citing *Riston v. Butler,* 149 Ohio App.3d 390, 777 N.E.2d 857, 2002–Ohio–2308 (1st Dist.), at ¶ 30, quoting *Hickman v. Murray*, 2nd Dist. Montgomery No. 15030, 1996 WL 125916 (Mar. 22, 1996).

{¶24} Additionally, "[w]hen * * * reasonable inquiry by a party's counsel of record should reveal the inadequacy of a claim, a finding that the counsel of record has engaged in frivolous conduct is justified, as is an award, made within the statutory guidelines, to any party adversely affected by the frivolous conduct." *Burchett v. Larkin*, 192 Ohio App.3d 418, 2011-Ohio-684, 949 N.E.2d 516, ¶ 21 (4th Dist.) quoting *Ron Scheiderer & Assoc. v. London*, 81 Ohio St.3d 94, 97-98, 689 N.E.2d 552 (1998).

{¶25} If the reviewing court finds the trial court's finding of frivolous conduct is substantiated, the decision to award attorney fees as a sanction for that conduct rests within the trial court's sound discretion. *Burchett v. Larkin*, 2011-Ohio-684, ¶ 22. A trial court's decision to award attorney fees for frivolous conduct under R.C. 2323.51 will not be reversed absent an abuse of discretion. *Id.* An abuse of discretion connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary, or unconscionable. *Blakemore v. Blakemore,* 5 Ohio St.3d 217, 450 N.E.2d 1140 (1983).

{¶26} On August 23, 2013, the trial court found as a matter of law that Murray was not the real party in interest with standing to bring the legal malpractice claim.

Murray did not appeal the trial court's judgment. The issue before us is whether it was frivolous conduct for Murray to bring the claim for legal malpractice, rather than the bankruptcy trustee.

{¶27} The bankruptcy code provides that when a debtor files for bankruptcy protection, the debtor must file a schedule of assets and liabilities. 11 U.S.C. 521(a)(1)(B). Included in the assets and liabilities are "all legal or equitable interests of the debtor in property as of the commencement of the case." 11 U.S.C. 541(a)(1). Murray did not list his legal malpractice cause of action in his schedule of assets and liabilities. Pre-petition causes of action belong to the bankruptcy estate and post-petition actions belong to the debtor. *In re Underhill*, 579 Fed.Appx. 480, 482 (6th Cir.2014). State substantive law determines the "nature and extent" of causes of action. *In re Underhill*, 579 Fed.Appx. 480, 482 (6th Cir.2014) citing *Tyler v. DH Capital Mgmt., Inc.,* 736 F.3d 455, 461 (6th Cir.2013). Federal bankruptcy law, however, dictates when that property interest becomes property of the estate for purposes of § 541. *Id.* citing *In re Terwilliger's Catering Plus, Inc.,* 911 F.2d 1168, 1172 (6th Cir.1990).

{¶28} A cause of action qualifies as bankruptcy estate property only if the claimant suffered a pre-petition injury. *In re Underhill*, 579 Fed.Appx. 480, 482 (6th Cir.2014). A review of the allegations in Murray's legal malpractice cause of action demonstrates that the injuries alleged by Murray occurred prior to his petition for bankruptcy. Murray filed an affidavit in support of his legal malpractice claim. In the affidavit he stated, in part:

On or about March 3, 2011, Attorney Miller also initiated a lawsuit against

Murray and his wife on behalf of Richland Bank based upon the notes

which Miller had assisted Murray in securing from Richland Trust/Richland Bank from 1998 through 2003. [Murray Aff. ¶12]

Attorney Miller manipulated Murray and led him to believe that Murray could not save his property because Richland County was foreclosing for taxes. Murray later learned from the County tax department that they could not foreclosure because Murray only technically owed one year's taxes. [Murray Aff. ¶27]

Murray filed his Chapter 7 bankruptcy petition on August 30, 2011.

{¶29} Only the bankruptcy trustee has standing to pursue pre-petition causes of action. *Tyler v. DH Capital Mgt., Inc.*, 736 F.3d 455, 461 (6th Cir. 2013). There was no allegation that the bankruptcy trustee abandoned the legal malpractice claim. The bankruptcy trustee in this case moved to reopen the bankruptcy on July 26, 2012. The bankruptcy trustee, not the debtor, is the proper party to bring causes of action that are part of the bankruptcy estate. *Shefkiu v. Worthington Industries, Inc.*, 6th Dist. Fulton No. F-13-014, 2014-Ohio-2970, 15 N.E.2d 394, ¶ 19. We agree with the trial court that Murray was not the real party in interest in the legal malpractice claim against Miller and he had no standing to pursue the claim.

{¶30} It has been further held by the Sixth District Court of Appeals in *Shefkiu v. Worthington Industries, Inc.* 6th Dist. Fulton No. F-13-014, 2014-Ohio-2970, 15 N.E.2d 394, that a bankruptcy debtor cannot substitute the real party in interest pursuant to Civ.R. 17(A) or 15(C) because the debtor lacks standing to commence the litigation. The court held:

Regardless of whether Shefkiu attempts to justify the inclusion of the bankruptcy trustee under Civ.R. 15(C) or Civ.R. 17(A), the Ohio Supreme Court has recently held that neither rule is available where, as here, the party commencing the litigation lacks standing. In *Fed. Home Loan Mtge. Corp. v. Schwartzwald*, 134 Ohio St.3d 13, 2012-Ohio-5017, 979 N.E.2d 1214, the Ohio Supreme Court reasoned,

> Standing is required to invoke the jurisdiction of the common pleas court. Pursuant to Civ.R. 82, the Rules of Civil Procedure do not extend the jurisdiction of the courts of this state, and *a common pleas court cannot substitute a real party in interest for another party if no party with standing has invoked its jurisdiction in the first instance*. (Emphasis added.) *Id.* at ¶ 38.

Here, as noted above, Shefkiu's claim against Worthington became part of the bankruptcy estate when Shefkiu filed for bankruptcy. Shefkiu has made no showing that the bankruptcy trustee has subsequently abandoned the claim. Thus, at the time Shefkiu filed his complaint, he was not the real party in interest and did not have standing to sue. Therefore, pursuant to *Schwartzwald*, Shefkiu cannot now rely on the Rules of Civil Procedure to extend the trial court's jurisdiction by bringing in the bankruptcy trustee as an additional plaintiff when Shefkiu lacked standing in the first instance.

*Shefkiu v. Worthington Industries, Inc., supra* at ¶¶ 26-27.

{¶31} After determining that as a matter of law, Murray was not the real party in interest and lacked standing to bring the legal malpractice claim, we must next determine whether it was frivolous conduct for Murray to pursue the legal malpractice claim as plaintiff, rather than the bankruptcy trustee as the real party in interest.

{¶32} Murray filed the legal malpractice claim against Miller on June 14, 2012. The magistrate found in her decision that the bankruptcy trustee and Banks were alerted to the real party in interest issue as early as June and July of 2012, respectively, by correspondence from Miller. Miller filed a motion for leave to plead on July 12, 2012. In the motion for leave to plead, Miller argued Murray was not the real party in interest because Murray filed for bankruptcy in 2011. On July 26, 2012, the bankruptcy trustee filed a motion to reopen the bankruptcy case based on the legal malpractice cause of action. Miller filed his answer on August 13, 2012 and raised seventeen affirmative defenses, one of which was Murray was not the real party in interest. On September 11, 2012, the trustee applied to have Banks appointed as special counsel to pursue the legal malpractice claim. Miller filed a motion for summary judgment on May 14, 2013. In the motion, Miller argued he was entitled to judgment as a matter of law on Murray's claim for legal malpractice because Murray was not the real party in interest and had no standing to bring the claim. Miller claimed the bankruptcy trustee should have brought the action. On July 8, 2013, Banks sought leave in the memorandum in opposition to the motion for summary judgment to substitute the bankruptcy trustee as the plaintiff, if the court deemed it necessary.

{¶33} Once opposing counsel alerted Banks to the fact that Murray had not properly instituted the case and was not the real party in interest, Banks did not take

any corrective action. It was not until July 8, 2013 (one year and twenty-four days after the complaint was filed) that Murray moved to substitute the bankruptcy trustee as the plaintiff. Banks's conduct contributed to the opposing party's incurring attorney fees to defend an action that Murray had no standing to pursue. Upon our de novo review, we find that Banks's failure to take corrective action for approximately one year from June 2012 to July 8, 2013 may be construed as frivolous conduct.

{¶34} The trial court's decision to award attorney fees for frivolous conduct is reviewed for an abuse of discretion. As the trial court noted in its judgment overruling Murray's objections to the magistrate's decision, the manner in which the parties proceeded with the hearing for attorney fees based on frivolous conduct limits this court's review of the issues. The parties elected to stipulate that $10,000.00 was reasonable and necessary attorney fees for the litigation of the case. The parties then determined that an evidentiary hearing was not necessary and instead gave oral arguments before the magistrate on the motion for attorney fees. The hearing was digitally recorded. Murray filed objections to the magistrate's decision without providing a transcript of the hearing. Civ.R. 53 deals with matters relating to magistrates. Civ.R. 53(D) states in pertinent part:

> *(3) Magistrate's decision; objections to magistrate's decision*
>
> * * *
>
> (b) Objections to magistrate's decision
>
> * * *
>
> (iii) Objection to magistrate's factual finding; transcript or affidavit. An objection to a factual finding, whether or not specifically designated as a

finding of fact under Civ.R. 53(D)(3)(a)(ii), shall be supported by a transcript of all the evidence submitted to the magistrate relevant to that finding or an affidavit of that evidence if a transcript is not available. With leave of court, alternative technology or manner of reviewing the relevant evidence may be considered. The objecting party shall file the transcript or affidavit with the court within thirty days after filing objections unless the court extends the time in writing for preparation of the transcript or other good cause. If a party files timely objections prior to the date on which a transcript is prepared, the party may seek leave of court to supplement the objections.

{¶35} This Court has held, "where an appellant fails to provide a transcript of the original hearing before the magistrate for the trial court's review, the magistrate's findings of fact are considered established and may not be attacked on appeal." *Doane v. Doane*, 5th Dist. Guernsey No. 00CA21, 2001 WL 474267 (May 2, 2001); *State v. Leite*, 5th Dist. Tuscarawas No.1999AP090054, 2000 WL 502819 (Apr. 11, 2000); *Fogress v. McKee*, 5th Dist. Licking No. 99CA15, 1999 WL 668580(Aug. 11, 1999); and *Strunk v. Strunk*, 5th Dist. Muskingum No. CT96–0015, 1996 WL 787981(Nov. 27, 1996).

{¶36} The parties in this case stipulated that $10,000.00 was the reasonable and necessary attorney fees for litigation of the case. $10,000.00 is the amount Miller's deductible for his legal malpractice insurance coverage. As discussed above, Murray was not the real party in interest and did not have standing to pursue the claim. The matter was brought to Banks's attention early in the proceedings, but Banks did not

attempt to correct the matter until one year into the proceedings. There is no record before the court as to how much attorney fees were incurred on the issue of the real party in interest.

{¶37} Without the benefit of a transcript of the hearing and with the constraints of the party's stipulation to attorney fees, we cannot say the trial court abused its discretion in awarding $10,000.00 as sanctions for frivolous conduct.

{¶38} Murray's second, third, and fourth Assignments of Error are overruled.

*I.*

{¶39} Murray argues in his first Assignment of Error that the trial court erred when it denied Murray's motion to strike Miller's pro se motion for attorney fees. We disagree.

{¶40} Murray argues that Miller was prohibited from filing a pro se motion for attorney fees because Miller was represented by counsel. In this case, we find no abuse of discretion for the trial court to deny the motion to strike Miller's pro se motion for attorney fees.

{¶41} Murray's first Assignment of Error is overruled.

**CONCLUSION**

{¶42} The judgment of the Richland County Court of Common Pleas is affirmed.

By: Delaney, J.,

Gwin, P.J. and

Wise, J., concur.