[Cite as *Kearney v. Campbell*, 2016-Ohio-1332.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
|---|---|---|
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

| | | |
|---|---|---|
| PATRICK C. KEARNEY | | C.A. No.      27495 |
| Appellant | | |
| v. | | APPEAL FROM JUDGMENT ENTERED IN THE |
| BENJAMIN R. CAMPBELL, et al. | | COURT OF COMMON PLEAS COUNTY OF SUMMIT, OHIO |
| Appellees | | CASE No.      CV-2012-05-2453 |

DECISION AND JOURNAL ENTRY

Dated: March 30, 2016

---

MOORE, Judge.

{¶1}    Plaintiff-Appellant Patrick C. Kearney appeals the decision of the Summit County Court of Common Pleas granting summary judgment to Defendants-Appellees Benjamin Campbell, Carol and James Bray, dba Bray's Drain and Plumbing, and State Auto Insurance Company (collectively "Appellees") on Mr. Kearney's complaint based upon Mr. Kearney's lack of standing.  We affirm.

I.

{¶2}    On May 14, 2010, in Barberton, Ohio, Mr. Kearney's vehicle was involved in a collision with a vehicle driven by Mr. Campbell, who at the time was working for Bray's Drain and Plumbing and driving one of the company's cars.  Mr. Kearney was injured in the accident.

{¶3}    On May 23, 2011, Mr. Kearney filed a voluntary petition under Chapter 7 for bankruptcy.  Mr. Kearney did not list any claims against the Appellees as assets on the petition.  Specifically, next to the line that required the debtor to list "[o]ther contingent and unliquidated

claims of every nature," Mr. Kearney indicated that he had none. On September 2, 2011, the bankruptcy court entered an order finding that the bankruptcy estate had been fully administered, the trustee was thereby discharged, and the Chapter 7 case was closed.

{¶4}    On April 30, 2012, Mr. Kearney filed a complaint against Mr. Campbell, Mr. and Ms. Bray, dba as Bray's Drain and Plumbing, State Farm Mutual Automobile Insurance Company, and John Doe #1. Mr. Kearney alleged that Mr. Campbell negligently operated the vehicle and that his negligence caused Mr. Kearney's injuries. He also alleged that Mr. and Ms. Bray, dba as Bray's Drain and Plumbing, negligently entrusted the care of the vehicle to Mr. Campbell. Finally, Mr. Kearney sought uninsured/underinsured motorist coverage from his policy with State Farm Mutual Automobile Insurance Company. Mr. Kearney later dismissed his claim against State Farm Mutual Automobile Insurance Company and filed an amended complaint naming State Auto Insurance Company as a Defendant. State Auto Insurance Company, Mr. and Ms. Bray, and Mr. Campbell answered the amended complaint and asserted, inter alia, as an affirmative defense, that Mr. Kearney was not the real party in interest.

{¶5}    Ultimately, the Appellees sought and were granted leave to file a motion for summary judgment. In his initial motion, Mr. Campbell asserted that Mr. Kearney's claims were barred by the doctrine of judicial estoppel because he failed to disclose his personal injury claim on his bankruptcy petition and thus could not argue a contrary position in the present litigation. Attached to Mr. Campbell's motion was a portion of Mr. Kearney's petition for bankruptcy and the final decree. State Auto Insurance Company and Mr. and Ms. Bray filed motions seeking to join in Mr. Campbell's motion.

{¶6}    Subsequently, State Auto Insurance Company filed a supplemental motion for summary judgment asserting that Mr. Kearney was not the real party in interest and lacked

standing to file the suit; State Auto Insurance Company maintained that the claims belonged to the bankruptcy estate. Following a pretrial, the trial court ordered Mr. Kearney to respond to the summary judgment motions and to address whether, if the bankruptcy case is reopened, the trustee would be outside the statute of limitations if it pursued Mr. Kearney's personal injury claims, whether Mr. Kearney could claim an interest in an exempted amount (if one existed), and whether Civ.R. 17(A) would permit Mr. Kearney to cure the standing defect. The Appellees were ordered to respond after Mr. Kearney filed his motion in opposition.

{¶7} Thereafter, Mr. Kearney filed a motion seeking an extension of time to respond to the motions for summary judgment and an order holding in abeyance a ruling on the motion until the bankruptcy trustee could have an opportunity to re-open the bankruptcy estate and make an appearance in the action. Mr. Kearney submitted a memorandum in opposition and the Appellees filed reply briefs maintaining that Mr. Kearney lacked standing and that his claims were barred by judicial estoppel.

{¶8} The trial court granted summary judgment to the Appellees on the basis that Mr. Kearney lacked standing to bring the action. Based upon that conclusion, the trial court declined to address the issue of judicial estoppel.

{¶9} Mr. Kearney has appealed, raising two assignments of error for our review. They will be addressed out of sequence to facilitate our review.

II.

**ASSIGNMENT OF ERROR II**

ALTERNATIVELY, THE TRIAL COURT ERRED IN GRANTING APPELLEES SUMMARY JUDGMENT WHERE A GENUINE ISSUE OF MATERIAL FACT REMAINED AS TO WHETHER [MR.] KEARNEY RETAINED AN[] INTEREST IN THE LITIGATION AND/OR HAD STANDING TO BRING THE CASE IN HIS OWN NAME.

**{¶10}** Mr. Kearney asserts in his second assignment of error that the trial court erred in granting summary judgment to Appellees on Mr. Kearney's complaint because a genuine issue of material fact remained with respect to whether Mr. Kearney retained an interest in the matter or had standing to sue. Based on Mr. Kearney's arguments, we do not agree.

**{¶11}** In reviewing a trial court's ruling on a motion for summary judgment, this Court applies the same standard as the trial court, viewing the facts of the case in the light most favorable to the non-moving party and resolving any doubt in favor of the non-moving party. *Viock v. Stowe-Woodward Co.*, 13 Ohio App.3d 7, 12 (6th Dist.1983). Pursuant to Civ.R. 56(C), summary judgment is proper if:

> (1) No genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the party against whom the motion for summary judgment is made, that conclusion is adverse to that party.

*Temple v. Wean United, Inc.,* 50 Ohio St.2d 317, 327 (1977). The moving party bears the initial burden of informing the trial court of the basis for the motion and pointing to parts of the record that show the absence of a genuine issue of material fact. *Dresher v. Burt*, 75 Ohio St.3d 280, 292-293 (1996). Once this burden is satisfied, the non-moving party bears the burden of offering specific facts to show a genuine issue for trial. *Id*. at 293; Civ.R. 56(E).

**{¶12}** "[S]tanding is required to invoke the jurisdiction of the common pleas court, and therefore it is determined as of the filing of the complaint." *Fed. Home Loan Mtge. Corp. v. Schwartzwald,* 134 Ohio St.3d 13, 2012-Ohio-5017, ¶ 3. In order to establish standing, a party "must assert a personal stake in the outcome of the action * * *." (Emphasis omitted.) *Reynolds v. HCR ManorCare, Inc.,* 9th Dist. Summit No. 27411, 2015-Ohio-2933, ¶ 13, quoting *Bank of Am., N.A. v. Kuchta*, 141 Ohio St.3d 75, 2014-Ohio-4275, ¶ 23.

{¶13} The accident that is the subject of the personal injury claims occurred on May 14, 2010. Appellees submitted evidence demonstrating that Mr. Kearney filed a voluntary petition for bankruptcy under Chapter 7 on May 23, 2011 and failed to list the personal injury claims in his petition. This Court has stated that, "the commencement of a voluntary, involuntary, or joint bankruptcy creates an estate whereby the debtor is divested of virtually all property interests held as of the commencement of the case." *Hargreaves v. Carter,* 9th Dist. Summit No. 17450, 1996 WL 137413, *1 (Mar. 27, 1996). "The United States Court of Appeals for the Sixth Circuit has held that upon commencement of the bankruptcy case, all causes of action, even if unassignable, become 'property' of the bankruptcy estate pursuant to 11 U.S.C. 541(a)(1)." *Id.*, citing *In re Cottrell,* 876 F.2d 540 (6th Cir.1989). "Where a cause of action is property of the bankruptcy estate, the debtor is divested of it" and does not have standing to assert the claim unless the trustee abandons the claim. *Kovacs v. Thomson, Hewitt & O'Brien,* 117 Ohio App.3d 465, 469 (9th Dist.1997); *see also Murray v. Miller,* 5th Dist. Richland No. 15CA02, 2015-Ohio-3726, ¶ 29; *Tyler v. DH Capital Mgt., Inc.,* 736 F.3d 455, 461 (6th Cir.2013). There has been no argument that the trustee abandoned the claims; instead, the evidence supports the conclusion that the claims were not abandoned, given that they were not even scheduled on the bankruptcy petition. *See Hargreaves* at *2 (listing what is required to demonstrate that a claim has been abandoned).

{¶14} Mr. Kearney seems to suggest that he maintained an interest in the personal injury claims because he was entitled to a bankruptcy exemption and/or to any proceeds obtained in excess of that needed to satisfy his creditors. Mr. Kearney's argument is undeveloped on this point. *See* App.R. 16(A)(7). While he cites to case law that could potentially support his argument, he failed to submit any evidence in the trial court to support his argument that at the

time of the commencement of the personal injury action he received an exemption or was entitled to any excess proceeds; in fact, his contention that there would be any excess proceeds is purely speculative.

{¶15} "The [Bankruptcy] Code affords debtors the right to exempt certain property from the bankruptcy estate." *In re Robinson,* 292 B.R. 599, 606 (Bankr.S.D.Ohio 2003). "Ohio has chosen to 'opt out' of the federal exemption scheme; thus, Ohio residents who file for bankruptcy relief are limited to the exemptions provided under Ohio law." *Id.* at 607, citing R.C. 2329.662.

> A debtor may claim an exemption by filing a list of exempt property (on "Schedule C-Property Claimed as Exempt") at the time the petition is filed. * * * Federal Rules of Bankruptcy Procedure 1007 and 4003 establish procedures governing the filing of the list of exempt assets on Schedule C, the assertion of objections to a debtor's claimed exemptions, and the resolution of disputed exemption claims. An objection to a claimed exemption must be filed within 30 days after the conclusion of the meeting of creditors held under [section] 341 or within 30 days after any amendment to the schedule of property claimed as exempt. Fed. R. Bankr.P. 4003(b). A party objecting to an exemption has the burden of proving that the exemption is not properly claimed. Fed. R. Bankr.P. 4003(c).

*In re Robinson* at 607.

{¶16} "Property remaining in the estate after completion of the exemption process is subject to administration by the Chapter 7 trustee for the benefit of creditors." *Id.* "The essential first step in the process of determining what property may be withdrawn from the estate by exemption is the debtor's filing of a complete and accurate listing of all assets." *Id.* "In completing the required schedules, debtors have [the] absolute duty to report whatever interests they hold in property, even if they believe their assets are worthless or unavailable to the bankruptcy estate. This is because the bankruptcy court, not the debtor, decides what property is exempt from the bankruptcy estate." (Internal quotations and citations omitted.) *Id.*

**{¶17}** As noted by the Appellees, Mr. Kearney did not list his personal injury claims as assets on his petition, and he has pointed to nothing in the record indicating that the bankruptcy court granted him an exemption as of the filing of his personal injury complaint. *See Schwartzwald,* 134 Ohio St.3d 13, 2012-Ohio-5017, at ¶ 3 (Standing "is determined as of the filing of the complaint."). Thus, assuming without deciding that Mr. Kearney would have standing if the claims were exempt, Mr. Kearney has not met his reciprocal burden, as he has not demonstrated that the bankruptcy court has ever found the claims to be exempt. Given all of the foregoing, we conclude that, from the evidence submitted, reasonable minds could only come to the conclusion that the personal injury claims were the property of the bankruptcy estate. Accordingly, he did not have standing to pursue them. *See Kovacs,* 117 Ohio App.3d at 469; *Murray*, 2015-Ohio-3726, at ¶ 29; *Tyler,* 736 F.3d at 461. Thus, Mr. Kearney was not the proper party to bring the causes of action given that they were a part of the bankruptcy estate. *Murray* at ¶ 29, citing *Shefkiu v. Worthington Industries,* 6th Dist. Fulton No. F-13-014, 2014-Ohio-2970, ¶ 19.

**{¶18}** Further, because Mr. Kearney lacked standing to file the instant action, he could not utilize Civ.R. 17(A) to substitute the real party in interest. *See Schwartzwald* at ¶ 38 ("Pursuant to Civ.R. 82, the Rules of Civil Procedure do not extend the jurisdiction of the courts of this state, and a common pleas court cannot substitute a real party in interest for another party if no party with standing has invoked its jurisdiction in the first instance."). Because Mr. Kearney had no standing to bring the action, he had no standing to seek to substitute the real party in interest. *See id.* at ¶ 36.

**{¶19}** Accordingly, the trial court did not err in concluding that Mr. Kearney lacked standing to pursue the instant matter.[1] Mr. Kearney's second assignment of error is overruled.

### ASSIGNMENT OF ERROR I

THE TRIAL COURT ERRED IN DENYING [MR.] KEARNEY'S REQUEST TO STAY PROCEEDINGS TO ALLOW THE TRUSTEE REASONABLE TIME TO SUBSTITUTE [MR.] KEARNEY'S BANKRUPTCY ESTATE AS THE REAL PARTY IN INTEREST BASED ON ITS MISTAKEN BELIEF THAT THE SUBSTITUTION WOULD NOT RELATE BACK TO [MR.] KEARNEY'S ORIGINAL FILING AND [] FALL OUTSIDE THE STATUTE OF LIMITATIONS.

**{¶20}** Mr. Kearney asserts in his first assignment of error that the trial court erred in failing to stay the proceedings to allow the trustee time to reopen the bankruptcy case and thereafter substitute the real party in interest. We do not agree.

**{¶21}** Granting Mr. Kearney a stay would have been a futile act because "a common pleas court cannot substitute a real party in interest for another party if no party with standing has invoked its jurisdiction in the first instance." *Schwartzwald,* 134 Ohio St.3d 13, 2012-Ohio-5017, at ¶ 38. As we noted above, Mr. Kearney lacked standing to file the instant action and therefore the real party in interest could not be substituted. Further, because the substitution could not occur, it is immaterial whether the substitution would relate back to the time of the filing of the complaint.

**{¶22}** Mr. Kearney's first assignment of error is overruled.

---

[1] We note that the trial court should have dismissed the action without prejudice. *See Schwartzwald* at ¶ 40. However, given that the parties seem to agree that the statute of limitations has run and the action could not be re-filed, and given that Mr. Kearney has not asserted error on this issue, we leave intact the trial court's ruling.

## III.

**{¶23}** The judgment of the Summit County Court of Common Pleas is affirmed.

Judgment affirmed.

_____

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

_____
CARLA MOORE
FOR THE COURT

SCHAFER, J.
<u>CONCURS.</u>

CARR, P. J.
<u>CONCURRING IN JUDGMENT ONLY.</u>

**{¶24}** I reluctantly concur in judgment only based on this Court's precedent in _Hargreaves v. Carter,_ 9th Dist. Summit No. 17450, 1996 WL 137413 (Mar. 27, 1996).

APPEARANCES:

CHRISTOPHER J. VANBLARGAN, MARK C. LINDSEY, and JOHN REAGAN, Attorneys at Law, for Appellant.

JOHN LYSENKO, Attorney at Law for Appellee.

CHRISTOPHER J. ANKUDA, Attorney at Law, for Appellee.

ANN MARIE O'BRIEN, Attorney at Law, for Appellee.

MICHAEL E. CICCOLINI, Attorney at Law, for Appellee.

VICTORIA D. BARTO, Attorney at Law, for Appellee.